O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHEA H. LAWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-999 |
| | § | |
| MORGAN STANLEY DEAN WITTER CORP., | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM AND ORDER</u>

Pending is Defendant Morgan Stanley Dean Witter Corp.'s Motion for Summary Judgment to Confirm Arbitration Award (Document No. 10). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

I.  <u>Background</u>

Plaintiff Rhea H. Laws ("Laws") brings this action pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332, and the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to vacate an arbitral award entered in favor of Defendant Morgan Stanley Dean Witter Corp. ("Morgan") by an arbitration panel of the National Association of Securities Dealers ("NASD").

1

In October, 2000, Morgan instituted arbitration proceedings against Laws before the NASD to recover an alleged deficit of $689,115.19 in Laws's margin account.  *See* Document No. 10 ex. C. Approximately three years later--and some 60 days before the scheduled arbitration date--Laws served his first request for information and documents ("first request") on Morgan.  *See* id. ex. E.  Morgan responded on December 29, 2003, but made numerous objections and invocations of privilege.  *See* id. ex. F.  On January 13, 2004, (approximately two weeks before the arbitration hearing was set to commence), Laws filed a motion to compel on his first request.  *See* id. ex. G.  On January 28, 2004, the NASD panel granted the motion in part, and ordered Morgan to "produce all [requisite] information or documents not later than February 2, 2004."  Id. ex. H.  Between January 28th and January 30th, Morgan issued supplemental responses to Laws's first request and produced 38 pages of documents.  *See* id. at 3; exs. I-J.

The day before the arbitration hearing was set to commence, Laws moved for a continuance, arguing that he needed at least 30 days to review the material produced by Morgan.  *See* id. ex. K. Morgan opposed the motion, and the NASD panel denied Laws's request.  *See* id. exs. L-M.  On the day of hearing, Laws then filed a complaint and application for a temporary restraining order against Morgan, the NASD, and certain NASD panel members in the United States District Court for the Southern District of Texas.

2

*See* id. ex. N.   In the complaint Laws alleged, *inter alia*, that requests to postpone arbitration for "critical discovery exhibits production" were denied, and that motions to compel were not complied with "in timely fashion."   *See* id. ex. N ¶ 31.   United States District Judge Kenneth M. Hoyt denied Laws's application for injunctive relief and ultimately dismissed Laws's complaint with prejudice.   *See* id. exs. P-Q.

The parties proceeded to arbitration on February 4th, and the NASD awarded Morgan $689,115 in compensatory damages, interest at 10% per annum until the award was paid in full, and $1,250 in costs.   *See* id. ex. A.   In this action Laws seeks to vacate the arbitral award on the grounds that the NASD's denial of a continuance amounted to bad faith, and "was unreasonable and unwarranted."   *See* Document No. 1 ¶ 10.   Morgan, which now moves for summary judgment, opposes vacatur and counterclaims for confirmation of the arbitral award.

## II. Summary Judgment

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to inter-rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   FED. R. CIV. P. 56(c).   The moving party must "demonstrate

the absence of a genuine issue of material fact." <u>Celotex Corp. v.</u> <u>Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. <u>Id.</u> "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." <u>Id.</u>

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u> <u>Corp.</u>, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. <u>Kelley v. Price-</u> <u>Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing <u>Matsushita</u>, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." <u>Id.</u> Even if the standards of Rule

4

56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III.  Discussion

#### A.  Laws's Petition for Vacatur

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., provides for judicial review of an arbitration award. District court review under the FAA, however, is "extraordinarily narrow." Prescott v. Northlake Christian Sch., 369 F.3d 491, 494 (5th Cir. 2004). Section 10 of the FAA provides the only statutory grounds upon which a reviewing court may vacate an arbitration award. See 9 U.S.C. § 10; Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 380-81 (5th Cir. 2004). The party moving to vacate the arbitral award bears the burden of proof. See In re Arbitration Between: Trans Chem. Ltd. & China Nat'l Mach. Import and Export Corp., 978 F. Supp. 266, 303 (S.D. Tex. 1997) (Lake, J.), aff'd, 161 F.3d 314 (5th Cir. 1998).

Section 10(a)(3) of the FAA provides, in relevant part, for vacatur of an arbitral award "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown. . . ." 9 U.S.C. § 10(a)(3); see Trans Chem., 978 F. Supp. at 303 n.157. The question for the court is whether the arbitration proceedings were "fundamentally unfair." Id. at 303;

5

*see* <u>Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.</u>, 915 F.2d 1017, 1020 (5th Cir. 1990).  Thus, "[c]ourts will not intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists." <u>El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.</u>, 247 F.3d 843, 848 (8th Cir. 2001).

Laws argues that because he did not receive various documents from Morgan until just before the scheduled arbitration, the NASD panel effectively deprived him of a fair opportunity to present and argue his case when it denied his motion for a continuance.[1]  Laws did not file his information and document request until about three years after Morgan had initiated arbitration proceedings.  He offers as an excuse for this delay the fact that the parties had "agreed to put th[e] case on hold" because of the losses sustained by Morgan from the September 11, 2001 attacks on the World Trade Center, but Laws does not say that this "hold" was agreed to continue for at least two full years and more after 9/11.  Document No. 12, at 2-4.

Laws's motion for a continuance, which was not filed until the day before the arbitration hearing was to begin, stated in relevant part:  "Respondent [Laws] is currently receiving the discovery material that required a motion to compel and was granted last Wednesday.  Respondent requires at least thirty (30) days to

---

[1] Laws refers to the documents as "late tendered," but there is no showing that the production was actually untimely under the NASD rules.

examine and investigate the production of the Claimant [Morgan] to the accuracy and application to this suit." Document No. 10 ex. K. The motion offered no explanation or evidence as to *why* a 30-day continuance was required--other than Laws's summary assertion that he "requir[ed]" 30 days to review the documents.  For example, the motion made no claim that the documents produced by Morgan were unduly voluminous, highly technical, or that they raised any new factual or legal issues.[2] Furthermore, although Laws claims that the parties had agreed to put the case "on hold" in the aftermath of the World Trade Center attacks, Laws does not explain why he did not file a request for documents and information for a period of nearly one year after the arbitration proceeding was filed and before the 9/11 attack ever occurred.  Likewise, as observed above, Laws makes no claim as to how long the case was to be "on hold" after 9/11, and does not explain why, for example,--after one full year "on hold"--he did not serve his requests within the next year and well in advance of when the hearing was set.  Further, the arbitration panel may have decided that the proceeding had already been protracted so long as to violate the policy of expeditious handling of such disputes.  *See* Schmidt v. Finberg, 942 F.2d 1571,

---

[2] The fact that Laws makes no argument that he was in any way prejudiced in the arbitration proceeding by the timing of Morgan's production would suggest that there was nothing in the substance of the production itself that would require a continuance.

1574 (11th Cir. 1991).[3]   One may therefore infer a number of
reasonable grounds for the panel's denial of Laws's motion for
continuance.   Indeed, Laws has failed to present any evidence
sufficient to raise a genuine issue of fact that there was
sufficient cause shown to postpone the arbitration hearing, that
the arbitrators were guilty of misconduct in denying a
postponement, or that Laws was denied fundamental fairness by
reason of the denial of a continuance.   *Cf*. ARW Exploration Corp.
v. Aguirre, 45 F.3d 1455, 1464 (10th Cir. 1995) (holding that
defendants failed to demonstrate sufficient cause for postponing
arbitration hearing when they had received ample notice of the
hearing, did not request a continuance until less than a week
before the hearing, and proffered a "rather flimsy" excuse for
postponement).[4]

---

[3] The fact that the NASD panel did not state its specific
reason or reasons for denying the continuance does not make its
actions unreasonable.   *Cf*. Brabham, 376 F.3d at 385 ("Arbitrators
need not give reasons for their awards.")

[4] Laws compares his case to Tempo Shain Corp. v. Bertek, Inc.,
120 F.3d 16 (2d Cir. 1997).   The arbitration panel in Tempo Shain
concluded a hearing without waiting for the testimony of a
temporarily unavailable defense witness because the panel believed
that the testimony would be cumulative.   *See* id. at 17-18.   The
Second Circuit vacated the award, finding that "there was no
reasonable basis for the arbitration panel to determine that [the
witness's] omitted testimony would be cumulative with regard to
[certain claims]."   Id. at 20-21.   In Tempo Shain the key
misconduct was the panel's exclusion of evidence "'pertinent and
material to the controversy.'"   Id. at 20 (quoting 9 U.S.C.
§ 10(a)(3)).   That is quite different from this case where Laws has
offered no proof and made no showing that he was in any way
prejudiced by the denial of a continuance.

B.   <u>Morgan's Counterclaim for Confirmation</u>

Morgan also seeks summary judgment on its counterclaim for confirmation of the arbitral award in its favor. *See* 9 U.S.C. § 9. The arbitration provision in the parties' agreement states that "[t]he award of the arbitrator or a majority of them shall be final, and judgment on the award may be entered in any state or federal court having jurisdiction." Document No. 10 ex. B, at 9. Moreover, the arbitration was conducted in this district, and Morgan's application to this Court for confirmation is therefore proper.   As Laws has not raised a fact issue with respect to vacatur, and has not applied for modification or correction of the arbitral award, the Court will confirm the arbitral award and enter judgment thereon in favor of Morgan.

IV.   <u>Order</u>

Based on the foregoing, it is

ORDERED that Defendant Morgan Stanley Dean Witter Corp.'s Motion for Summary Judgment to Confirm Arbitration Award (Document No. 10) is GRANTED, Plaintiff Rhea H. Laws's Petition to Vacate Arbitration Award is DISMISSED, the Arbitral Award issued by the Arbitration Panel of the National Association of Securities Dealers on February 12, 2004, in Case No. 00-04692 is CONFIRMED, and Defendant Morgan Stanley Dean Witter Corp. shall have Final Judgment entered in its favor to recover from Plaintiff Rhea H.

Laws, the principal sum of $689,115 in compensatory damages;
interest on the same at the rate of 10% per annum from and
including August 15, 2000, up to and including the date the Award
is paid in full; and $1,250 in costs.

The Clerk will enter this Order and send copies to all counsel
of record.

SIGNED at Houston, Texas on this 3rd day of June, 2005.


_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE